IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LARRY W. McKENZIE, #4202	PETITIONER

VERSUS	CIVIL ACTION NO.  4:11-cv-39-DPJ-FKB

STATE OF MISSISSIPPI, et al.	RESPONDENTS

ORDER

This matter comes before this Court, *sua sponte*, for consideration of dismissal.  On March 7, 2011, Petitioner filed the above referenced civil action pursuant to 28 U.S.C. § 2254 seeking habeas relief.

**I. Background**

According to the petition, Petitioner Larry W. McKenzie, was convicted on September 27, 2000, after pleading guilty in the Circuit Court of Lauderdale County, Mississippi, to the criminal charge of statutory rape.  Petitioner received a 20-year sentence with 15 years to serve without the possibility of parole or early release and five years on post release supervision.  Pet. [1] at p. 1.

**II. Previously filed petitions for habeas relief**

Petitioner filed on February 13, 2004, a request for habeas relief in this Court challenging the same conviction as presented in the instant civil action.  *See McKenzie v. Brewer*, 4:04cv26-TSL-AGN (S.D. Miss. Oct. 15, 2004).  On October 15, 2004, this Court entered a final judgment [18] dismissing the action with prejudice.  *Id*.  Petitioner filed a notice of appeal [20] to the United States Court of Appeals for the Fifth Circuit on October 29, 2004.  *Id*.  Subsequently, the Fifth Circuit denied his request for a certificate of appealability and dismissed his appeal.  *See McKenzie v. Brewer*, No. 04-60997 (5th Cir. June 22, 2005).

Petitioner then filed on February 20, 2007, another petition for habeas relief in this Court challenging the same conviction.  *See McKenzie v. Brewer*, 4:07-cv-25-DPJ-JCS (S.D. Miss. Mar. 8, 2007).  This Court entered an order [5] on March 8, 2007, transferring this second or successive petition to the United States Court of Appeals for the Fifth Circuit, *see In Re McKenzie* No. 07-60217 (5th Cir. June 5, 1997), for a determination whether the successive petition should be allowed.  The Fifth Circuit denied Petitioner's motion requesting authorization to file his successive petition  in this Court.  *See In Re McKenzie*, No. 07-60217 (5th Cir. June 5, 2007).

**III. Analysis**

Once again, this Court finds that Petitioner is filing a request for habeas relief challenging his 2000 statutory rape conviction.  As such, this Court deems the instant petition as successive.  Before filing a second or successive petition, Petitioner is required to file a motion in the Fifth Circuit requesting that an order be entered authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  According to the United States Court of Appeals for the Fifth Circuit website, Petitioner filed an application for leave to file a successive petition, *In Re McKenzie*, No. 11-60157 (5th Cir. filed Mar. 7, 2011), and same is presently being considered by the Fifth Circuit.  Because the Fifth Circuit has not authorized Petitioner to file this claim in this Court, this petition for habeas relief will be dismissed.[1]  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)( stating that 28 U.S.C. "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of

---

[1] In the event Petitioner receives authorization from the Fifth Circuit, he may then re-file a new petition for habeas relief which will be assigned a separate civil action number in this district court.

Appeals] has granted the petitioner permission to file one") (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)).

**IV.  Conclusion**

Petitioner's request for habeas relief is dismissed with prejudice for this Court's lack of jurisdiction to consider this petition.

A Final Judgment in accordance with this Order shall be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of March, 2011.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE